EFFRON, Judge
(dissenting):
Appellant was charged with assaulting Airman First Class (A1C) Wheeler and A1C Wesolowski in two separate incidents. As described in detail in both the majority opinion and in the opinion of the lower court, both incidents involved fights that ensued after angry words, strained relationships, and suicide attempts by Appellant. In the first incident, A1C Wheeler testified that Appellant was the aggressor. Appellant denied striking A1C Wheeler on that occasion, and testified that she had engaged in a fight with A1C Wheeler during the same period, which had been instigated by A1C Wheeler. In the second incident, A1C Wheeler and A1C Wes-olowski each testified that Appellant was the aggressor and Appellant had threatened them with a weapon. Appellant testified that A1C Wheeler was the aggressor, and that she had threatened to kill herself, not the other airmen, with the weapon.
The prosecution’s primary evidence consisted of the testimony from A1C Wheeler and A1C Wesolowski. As noted in the majority opinion, the prosecution presented other evidence, including pretrial statements made by Appellant concerning her physical encounters with A1C Wheeler and her animosity for A1C Wesolowski. These statements, while significant, reflected the tumultuous interaction among the parties to the two incidents, and did not amount to an admission of the elements of the charged offenses.
The defense position at trial was that Appellant did not initiate the physical attacks, but instead responded to physical attacks initiated by A1G Wheeler. In that context, the testimony of a third party — A1C Weso-lowski — was a key component of the prosecution’s case, particularly on the charges growing out of the second incident, including the charge of assault with intent to commit murder. The defense sought to undermine the credibility of A1C Wesolowski by showing that the intensity of her relationship with A1C Wheeler provided a motive to lie.
At the outset of trial, the prosecution sought through a motion in limine to exclude any evidence regarding the relationship be *202 tween A1C Wheeler and A1C Wesolowski. The military judge denied the motion and allowed the defense to explore the relationship for the purposes of demonstrating bias under Military Rule of Evidence 608(c). At trial, A1C Wheeler and A1C Wesolowski sought to minimize their relationship, denying that there was any sexual intimacy or an ongoing homosexual relationship prior to the two charged incidents. The defense challenged this testimony through cross-examination and the introduction of contradictory prior statements. At best, the evidence at trial about the nature of their relationship was inconclusive.
At a post-trial session under Article 39(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 839 (2000), the defense moved for a new trial on a variety of grounds, including fraud on the court committed by the two primary witnesses against Appellant — A1C Wheeler and A1C Wesolowski. In the motion, the defense cited newly discovered evidence of witnesses who saw the two airmen at various times sleeping in the same bed; kissing on the lips; and engaging in other displays of affection. The defense also relied upon post-trial evidence confirming Appellant’s pretrial allegation that A1C Wheeler had stolen her television set. The post-trial evidence indicated that A1C Wheeler and A1C Wesolowski had taken the television and attempted to hide it in the rooms of other airmen. In addition, A1C Wheeler made a post-trial statement in which she acknowledged lying to defense counsel about the television set prior to trial because she was concerned that defense counsel would have used the incident against her and she did not want to lose what she viewed as her ease against Appellant.
As noted in the majority opinion, motions for a new trial generally are disfavored. 61 M.J. at 199. A new trial is authorized under Article 73, UCMJ, 10 U.S.C. § 873 (2000), based upon “newly discovered evidence or fraud on the court.” Under Rule for Courts-Martial (R.C.M.) 1210(f)(2)(C), the defense must show that any newly discovered evidence “if considered ... in light of all other pertinent evidence, would probably produce a substantially more favorable result for the accused.” With respect to evidence of a fraud on the court-martial, the defense must show that the fraud “had a substantial contributing effect on a finding of guilty or the sentence adjudged.” R.C.M. 1210(f)(3).
The military judge determined that the new evidence and evidence of fraud did not meet these standards, and the majority concludes that the military judge did not err. 61 M.J. at 199-201. I respectfully disagree.
Current military policy provides a powerful incentive to conceal or minimize a homosexual relationship. By law, a servicemember who engages in homosexual conduct or who states that he or she is a homosexual, is subject to mandatory discharge, with very limited exceptions. 10 U.S.C. § 654(b) (2000). This policy is based upon congressional findings that “[t]he presence in the armed forces of persons who demonstrate a propensity or intent to engage in homosexual acts would create an unacceptable risk to the high standards of morale, good order and discipline, and unit cohesion that are the essence of military capability.” 10 U.S.C. § 654(a)(15). A person who faces mandatory discharge may be retained only if he or she establishes in an administrative process that the conduct was atypical under a stringent test. 10 U.S.C. § 654(b). Regardless of what decisions might be made in the future with respect to the constitutionality of that policy and related matters, see Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003); United States v. Marcum, 60 M.J. 198 (C.A.A.F.2004), the statute reflected well-established military policy at the time of Appellant’s trial. See, e.g., Richenberg v. Perry, 97 F.3d 256, 258-61 (8th Cir.1996); Thomasson v. Perry, 80 F.3d 915, 919-25 (4th Cir.1996); Able v. United States, 44 F.3d 128, 130-32 (2d Cir.1995); Thorne v. United States, 916 F.Supp. 1358, 1364-67 (E.D.Va.1996); Watson v. Perry, 918 F.Supp. 1403, 1407-10 (W.D.Wa.1996).
Under these circumstances, both A1C Wheeler and A1C Wesolowski had a substantial stake in minimizing the intensity of their relationship. To the extent that they did so, *203 their testimony perpetrated a fraud on the court. Such a fraud deprived the court-martial of critical testimony on the issue of bias.
In concluding that any such fraud did not have a substantial contributing effect on the finding of guilty or the sentence adjudged under R.C.M. 1210(f)(3), the majority opinion relies on evidence of incriminating pretrial statements by Appellant. 61 M.J. at 200-201. These statements, however, did not constitute admissions by Appellant that she engaged in the offenses growing out of the second incident, including the charges of assault with intent to commit murder.
After noting that there were credibility issues concerning all three airmen, the majority opinion states that a “reasonable fact-finder could have concluded that all three women were lying, in varying degrees.” 61 M.J. at 201. The mere possibility that the members could have reached such a conclusion, however, does not mean that they did so. The members necessarily concluded that A1C Wheeler and A1C Wesolowski were not lying on the basis of the evidence presented at trial, at least as to the details of the charged offenses — a conclusion that was reached without the benefit of the evidence obtained after trial. In light of the verdict, we are not in a position to conclude that the members rejected any aspect of the testimony by A1C Wheeler and A1C Wesolowski, including their relatively benign description of their relationship. The post-trial evidence of their romantic involvement was not simply “cumulative” as suggested by the majority, but instead constituted qualitatively different information that would have substantially impeached the testimony of these witnesses on a material matter, particularly in terms of demonstrating the intensity of A1C Wesolow-ski’s bias to lie on behalf of A1C Wheeler. See United States v. Sztuka, 43 M.J. 261, 268 (C.A.A.F.1995). The impact of bias is directly linked to the nature of a relationship. Here, the prosecution’s presentation of evidence concerning A1C Wheeler and A1C Wesolowski portrayed a friendship with mild sexual overtones, a situation involving a considerably diminished motive to he, as compared to a sexual relationship, particularly a homosexual relationship in the armed forces. In the absence of critical information on the intensity of the relationship, the members received a distorted presentation of evidence at trial on the question of bias by witnesses central to the prosecution. Under these circumstances, Appellant should have been granted the opportunity to present the new evidence of bias at a new trial.